UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CHARLIE CAMPBELL,   **DECISION AND ORDER**

   17 Civ. 4414 (AMD)

Plaintiff,

-against-

NEW YORK CITY TRANSIT AUTHORITY,
Transit Adjudication Bureau,

Defendant.
------------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 0 2 2017 ★

BROOKLYN OFFICE

ANN M. DONNELLY, United States District Judge.

On July 24, 2017, the *pro se* plaintiff, Charlie Campbell, brought this action against the Transit Adjudication Bureau of the New York City Transit Authority ("NYCTA"), for alleged violations of his constitutional rights. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purpose of deciding this motion but for the reasons discussed below, dismisses this case *sua sponte* pursuant to 28 U.S.C. § 1915 (e)(2)(B).

## BACKGROUND

Construing the pleadings in the light most favorable to the plaintiff, it appears that the defendant obtained a judgment against the plaintiff and filed a lien against the plaintiff's New York State income tax refund. As a result, the New York State Department of Taxation and Finance offset the plaintiff's state tax refund in the amount of $83.00. (Compl., ECF 1 at 8-11).[1] The plaintiff argues that the lien was improper because the underlying charges against him were

---

[1] All references to "ECF" correspond to page numbers generated by the Court's Electronic Court Filing ("ECF") system, and not the document's internal pagination.

1

dismissed. To support these allegations, the plaintiff attached a copy of a complaint that he filed in a prior action against the City of New York, showing that a January 20, 1998, Notice of Violation for disorderly conduct was dismissed. (Compl., ECF 1 at 13, 17); *see also Campbell v. City of New York et al.*, No. 97 Civ. 7442 (FB). The notice from the New York State Department of Taxation and Finance, however, shows that the offset was based on a judgment of debt that occurred on December 19, 2013. (Compl., at 10).[2] The plaintiff seeks monetary damages.

## DISCUSSION

I. Standard of Review

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under 28 U.S.C. § 1915(e)(2)(B), however, a court is to dismiss an *in forma pauperis* action if the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief

---

[2] The plaintiff asserts that he sustained injuries including "trauma—shock, debasement, fright and humiliation" as well as "unjustified assault at the hands of New York City Police." (Compl. at 6), but it appears that these allegations relate

2

must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8 (a)(d)(1). This rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Pleadings should give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. *Dura Pharm. Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotation marks omitted); *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.").

II. Section 1983 Claims

The plaintiff asserts that the Court has jurisdiction over his claim pursuant to 42 U.S.C. § 1983. In order to maintain an action under §1983 action, he must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*; *see also McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) ("To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law."). Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris–Hayes v. Board of Educ. of Chester Union Free Sch. Dist.*, 423

---

to his Section 1983 lawsuit against the City in 1997, rather than this complaint against the NYCTA.

F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

In order to allege a plausible Section 1983 claim against a municipality, including a public benefit corporation such as the NYCTA,[3] the plaintiff must allege the existence of an official policy or custom that caused him to suffer the deprivation of a constitutional right. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978); *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *George v. New York City Transit Auth.*, 13 Civ. 7986, 2014 WL 3388660, at *3 (S.D.N.Y. July 11, 2014) (applying *Monell* to the New York City Transit Authority). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

"Ultimately, the burden is on the plaintiff to 'demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the alleged injury.'" *Whitfield v. City of Newburgh*, 08 Civ. 8516, 2015 WL 9275695, at *28 (S.D.N.Y. Dec. 17, 2015) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008)). The gravamen of the plaintiff's complaint is that the defendant improperly obtained a judgment against him and then sought a lien against his tax refund. He does not allege any facts that establish that an NYCTA policy or acts of NYCTA employees caused the alleged civil rights violations. Accordingly, he has not alleged a plausible Section 1983 claim for municipal liability. *See Missel v. Cty. of Monroe*, 351 Fed. Appx. 543, 545 (2d Cir. 2009) ("The allegations that [the defendant] acted pursuant to a 'policy,' without any facts suggesting the policy's existence, are plainly insufficient."); *Siino v. City of New York*, No. 14 Civ. 7217, 2015 WL 4210827, at *4 (E.D.N.Y. Jul. 9, 2015) ("Plaintiff's vague and conclusory

---

[3] The NYCTA is a public benefit corporation. N.Y. Pub. Auth. Law § 1201(1); *Vlad-Berindan v. NYC Metro. Transportation Auth.*, No. 14 Civ. 10304, 2016 WL 1296212, at *10 (S.D.N.Y. Feb. 1, 2016).

assertions that the City of New York has policies, practices and customs which violated her constitutional rights are insufficient to meet the pleadings standards required to establish liability under *Monell*.").

Finally, to the extent that the plaintiff claims that the defendant deprived him of his property by collecting on a judgment, that claim is unavailing. To state a cause of action under the Fourteenth Amendment based on the deprivation of property, the plaintiff must show that an (1) that an "established state procedure" deprived him of property "without according him proper procedural safeguards," *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982), or (2) that "random and unauthorized conduct" of a state employee resulted in the intentional deprivation of property and that "a meaningful postdeprivation [state] remedy for the loss [was not] available," *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Deprivation of property is only actionable in federal court if the state does not provide procedural safeguards or an adequate post-deprivation remedy for the loss. *Parratt v. Taylor*, 451 U.S. 527, 542-43 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).

In this instance, the plaintiff was entitled to adequate post-deprivation proceedings at the Transit Adjudication Bureau, *see* N.Y. Pub. Auth. L. § 1209–a, and to judicial review pursuant to Article 78 of the Civil Practice Law and Rules in New York State Supreme Court. Accordingly, he has not stated a claim under the Fourteenth Amendment.

## CONCLUSION

The plaintiff's claim is dismissed for failure to state a claim. 28 U.S.C. § 1915 (e)(2)(B). The Clerk of Court is respectfully directed to enter a judgment. The Court certifies that, pursuant to 28 U.S.C. § 1915 (a)(3), any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ AMD
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
August 1, 2017